District Township of Center *et al.*, Appellants,
v. Independent District of Lansing,.
Appellee.

**School Districts:** DIVISION.  Upon the request of the residents of sev--
eral civil townships, forming a part of the independent school dis-
trict of V., certain territory was set off by said district for the·
purpose of establishing a new school district.  Thereafter the resi-
dents upon the land so set apart, having applied unsuccessfully for·
admission as a subdistrict to their respective townships, were admit-
ted to the independent district of L.  The district township of C.
having brought suit to restrain the independent district of L. from
exercising control over the territory, *held*, that the territory in ques-
tion could not legally be separated from the independent district of·
V. without at the same time becoming a part of another jurisdiction
for school purposes, and as it, therefore, was still a part of the inde-
pendent district of V. neither the plaintiff nor the defendant had
any jurisdiction over it, and the plaintiff was not entitled to the
relief asked.

*Appeal from Allamakee District Court.*—Hon. L. O..
. Hatch, Judge.

Tuesday, January 27, 1891.

Action in equity by the district township of Center·
and N. Pliean, E. Barthold and F. Smidt, owners of sec-
tions 1 and 2 and the north half of the northwest quarter·
of section 12, township 98, range 4, in the civil township
of Center, asking a decree declaring said lands to be a
part of the plaintiff district township for school purposes,
and that defendant be enjoined from exercising any
jurisdiction over said lands, and from receiving any
school tax levied thereon.  A decree was entered dis-
missing plaintiffs' petition, from which they appeal..
*Affirmed.*

*Dayton & Dayton*, for appellants.

*J. H. Trewin*, for appellee.

Given, J.—This contention may be regarded as being between the two districts, as, in the view we take of the case, there is nothing in the relation of the individual plaintiffs to the issue that can affect its determination. The sole question is as to which of these districts, if either, is entitled to jurisdiction over the territory in question, or, rather, whether the plaintiff district is entitled to such jurisdiction; for the relief asked can only be granted if the plaintiff is entitled to the jurisdiction. It is admitted that many years prior to 1875, section 1, and the north half of the northwest quarter of section 12, were attached to the independent district of Village Creek, LaFayette township, and so remained until that year. Our first inquiry is whether that territory has ever been legally separated from that district, for, if not, then clearly neither of these parties is entitled to jurisdiction over it.

The proceedings by which it is claimed to have been separated are these: On March 29, 1873, the petition of residents of Lansing, LaFayette and Center townships was presented to the board of the independent district of Village Creek, requesting that said section 1 and north half of the northwest quarter of section 12, and certain lands in LaFayette township, be set off to the petitioners for the purpose of establishing a new school district. This petition was granted by the board, and at a meeting of the electors of Village Creek district, March 9, 1874, it was "Resolved, that all parties interested in property or land in section 6, township 98, range 3, and section 1, and north half of the northwest quarter, section 12, township 98, range 4, desiring to form a new school district for school purposes, be detached from Village Creek independent district, in conformity with law in such cases provided." September 22, 1874, the secretary was authorized to notify the county auditor to change the plat of the district. A similar petition was presented to the board of the plaintiff district at a meeting held December 12, 1874, and the following resolution adopted: "Resolved, that if district of Lansing and LaFayette

will dispose of that part of territory asked in the petition of E. Barthold and others, we, the board of district township of Center, will set off certain territory asked of us in a petition." June 8, 1875, a petition from citizens of Lansing, LaFayette and Center townships was presented to the board of the independent school district of Lansing, reciting that petitioners had received a grant of territory from their respective townships, for the formation of a school district, and had applied unsuccessfully for admission as a subdistrict to their respective townships, and requesting that they be admitted to that independent district; they agreeing to erect a schoolhouse at their own expense, and deed the same to the independent district of Lansing. The committee to whom it was referred recommended that the petition be granted, on the condition that the petitioners erect and deed a schoolhouse to the district, that full consent be given by all petitioners, and that the opinion of the county superintendent be given that the consolidation is legal. The county superintendent having given his opinion that granting said petition would be legal and proper, the report of the committee was adopted June 22, 1875, and the county auditor notified of the action, July 15, 1875. Title was secured for a site, and a house erected at a cost of three hundred dollars, in 1880, in which a school has been maintained by the defendant district ever since.

That this territory was legally attached to the independent district of Village Creek is not questioned, and, in the absence of a showing to the contrary, we must presume that it was legally attached. Being so attached it could not be severed, except as authorized by law; and, until so separated, remains a part thereof. The policy of our law is that territory once organized for school purposes must always remain within some jurisdiction; that it may not be detached from the jurisdiction to which it belongs without at the same time becoming all or a part of another jurisdiction for school purposes. It is open to question whether there is any

provision in the statute by which territory attached as
this was can be separated. Section 16, chapter 143,
Acts, Eleventh General Assembly, seems, when in force,
to have applied only to attaching part of one school-
district township to an adjoining township. Chapter
118, Acts, Nineteenth General Assembly, does not apply,
as it relates to territory of incorporated cities and towns;
nor does chapter 62, Acts, Twenty-second General
Assembly, as that relates to contiguous independent
districts, within the same civil townships. Section 1796
of the Code does not apply, as that relates to dividing
townships into subdistricts; and it may be questioned
whether section 1797 of the Code applies, as it only pro-
vides for attaching part of one township to another. In
this connection see *Eason v. Douglass*, 55 Iowa, 390,
and *Independent Dist. Mt. Vernon v. Ind. Dist.*, 65
Iowa, 590. This territory being part of the independent
district of Village Creek, the Code of 1873 did not have
the effect to restore it to the plaintiff district. *Hancock
v. Dist. Twp.*, 78 Iowa, 550.

It is evident that the proceedings had were not in
pursuance of any statutory provision, hence we need not
determine whether there is any statute by which such
separation could be made, but simply inquire whether
these proceedings had the effect of legally detaching the
territory from the independent district of Village Creek.
The effect of the action taken by the independent district
of Village Creek was to turn this territory out of its
jurisdiction, into the care of the petitioners, leaving
them to hunt an alliance for it that would bring it into
some jurisdiction for school purposes, and afford school
facilities to the residents therein. Such action, though
no doubt well meant, was wholly unauthorized, and con-
trary to the spirit and policy of the law. There was
certainly no authority in the independent district of
Village Creek to separate this territory, and turn it out
of its jurisdiction, to be the unsuccessful suppliant for
admission as a subdistrict to other school organizations.
It could only be severed, if at all, by becoming at the

same time subject to another jurisdiction. "School directors have only powers conferred by statute, and we fail to discover any provision authorizing the directors of independent districts to change their boundaries. If this can be done at all, and we are inclined to think it can, it should be done, we think, by the county superintendent, under the joint provisions of sections 1797 and 1806." *Eason v. Douglass*, 55 Iowa, 390.

These considerations lead to the conclusion that the territory in question was not legally separated from the independent district of Village Creek, and, therefore, did not become restored to the plaintiff district. It follows, therefore, that the plaintiff is not entitled to any of the relief demanded, and that the decree of the district court should be AFFIRMED.