Argued 9 November; decided 5 December, 1898.

## SCHOOL DISTRICT *v.* SCHOOL DISTRICT.

[55 Pac. 98.]

COLLATERAL ATTACK ON ORGANIZATION OF SCHOOL DISTRICT.—The legal existence of a public or governmental corporation, organized under color of law, and in the exercise of its legitimate powers, cannot be attacked except in a direct proceeding by the state for that purpose: *State ex rel* v. *Hulin*, 2 Or. 306, followed.

From Linn :   HENRY H. HEWITT, Judge.

Mandamus by School District No. 115 against School District No. 54, to compel defendant, from which plaintiff was created by a division of district No. 54, to act with it and the superintendent of schools in dividing assets and liabilities.   There was judgment for plaintiff, from which defendant appeals.

AFFIRMED.

For appellant there was a brief over the name of *Weatherford & Wyatt*, with an oral argument by *Mr. James K. Weatherford.*

34 OR.—7.

For respondent there was a brief over the name of *Wright & Tussing*, with an oral argument by *Mr. Geo. W. Wright.*

MR. JUSTICE BEAN delivered the opinion.

This is a proceeding by mandamus brought by the plaintiff, a school district created out of territory formerly embraced within the boundaries of the defendant district, to compel the defendant to appoint some disinterested person to act with the county superintendent and a like person chosen by the plaintiff, as a board of arbitrators, to make an equitable division between the plaintiff and defendant of the assets and liabilities of the defendant district at the time of the organization of plaintiff, as provided in Subd. 4, Section 2590, Hill's Ann. Laws. The defense to the proceeding is that the plaintiff is not an existing corporation, because not legally created or organized, and is, therefore, not entitled to the relief sought. To prove its creation and organization, the plaintiff gave in evidence, over the defendant's objection, (1) an order of the superintendent of common schools, made and entered of record in his office on February 24, 1896, reciting that, by virtue of a petition signed by a majority of the legal voters of school district No. 54, filed in his office February 18, 1896, he had that day divided such territory into two districts, giving the boundaries of each, the new one to be known as "District No. 115," together with oral proof that the petition upon which the order of the superintendent purports to be based could not be found; (2) the minutes of a meeting of the voters of the new district, held on March 9, 1896, at which a board of directors and clerk were elected; (3) the record of an ineffectual joint meeting of the directors of both districts,

held March 17, 1896, for the purpose of dividing the school property; (4) the record of a meeting of the board of directors of the plaintiff, held on March 19, 1896, at which an arbitrator was chosen, to act with the superintendent, and an arbitrator to be appointed by the defendant, in the matter of the division of such property. The defendant's objections to the admission of this evidence may be summarized thus: First, the petition upon which the county superintendent assumed to act in creating the plaintiff district was neither introduced in evidence nor its contents shown by parol, and there was no proof that it was signed by a majority of the legal voters of the district; second, it was not affirmatively shown that the county superintendent, immediately after creating the new district, notified the taxable inhabitants thereof, or the directors of the old district, of such order, as required by law; and, third, there was no legal proof that notice to the citizens of the district to meet for the purpose of organization, and for the election of directors and clerk was ever given, as required by section 2596.

These objections are, in our opinion, not available to the defendant, because the law is well established that the corporate existence of a school district, or other public or governmental corporation, created and organized under color of law, and in the exercise of its corporate powers, cannot be attacked, except in a direct proceeding instituted by the state for that purpose: 1 Beach, Pub. Corp. § 55; 1 Dillon, Mun. Corp. § 43a; *State ex rel.* v. *Hulin*, 2 Or. 306; *Atchison, etc., R. R. Co.* v. *Wilson*, 33 Kan. 223 (6 Pac. 281); *In re Short*, 47 Kan. 250 (27 Pac. 1005); *Clement* v. *Everest*, 29 Mich. 20; *Trumbo* v. *People*, 75 Ill. 561; *People* v. *Trustees of Newberry's Estate*, 87 Ill. 41; *Voss* v. *School District*, 18 Kan. 467; *School District No. 25* v. *State*, 29 Kan. 57; *District Township of Center* v.

*Independent District of Lansing*, 82 Iowa, 10 (47 N. W. 1033). Such organizations are the mere creatures and agents of the state, clothed with certain governmental powers, and their existence cannot be called in question in a mere collateral proceeding; "for," as said by Mr. Justice Campbell, in *Clement* v. *Everest*, 29 Mich. 20, "it would be dangerous and wrong to permit the existence of municipalities to depend on the result of private litigation. Irregularities are common and unavoidable in the organization of such bodies, and both law and policy require that they shall not be disturbed except by some direct process authorized by law, and then only for very grave reasons." Now, when we apply this rule to the case in hand, it is apparent that the objections of defendant were not well taken. The statute authorizes the superintendent of common schools to divide any district of his county into two or more parts, for school purposes (Hill's Ann. Laws, § 2590, subds. 1, 2, and 3), and the proof shows an order of such officer, valid on its face, dividing the territory of the defendant district and creating the plaintiff. The plaintiff was thus created under color of law, and has since elected officers, and exercised corporate powers. Undoubtedly, therefore, it has a *de facto*, if not a *de jure*, existence, and, under the doctrine already stated, its validity cannot be questioned in this proceeding. The defendant itself, as a public corporation, is subject to legislative control, and holds the property which it refuses to divide with the plaintiff as a mere governmental agent for public purposes. So long as the state does not question the existence of the plaintiff corporation, the defendant cannot do so. It follows that the judgment of the court below must be affirmed, and it is so ordered.

Affirmed.