Submitted on briefs April 17, affirmed May 21, 1918.

# STATE Ex REL. *v.* DESCHUTES COUNTY.

(173 Pac. 158.)

**Quo Warranto—Burden of Proof—Title to Office.**

1. In actions in the nature of *quo warranto*, the burden is upon defendant to show his title to the office.

**Evidence—Judicial Notice—Organization of County.**

2. In view of Sections 728, 729, L. O. L., relating to judicial notice of official acts, the court, despite denials of reply in *quo warranto* proceedings, must judicially know that the Secretary of State canvassed the votes and the Governor proclaimed the creation of a new county organized under Laws of 1913, page 21.

**Quo Warranto—Evidence—Executive Proclamation.**

3. In *quo warranto* proceedings based on alleged irregularities in election held in proceedings to create a new county, under Laws of 1913, page 21, a *prima facie* case for defendant was made out, in the absence of other evidence, by the executive proclamation creating the new county, such document being analogous to a certificate of election.

**Quo Warranto—Scope of Inquiry—Ballots.**

4. In *quo warranto* proceedings the inquiry may be extended behind the returns, even to the ballots themselves, in search of the true result of the election.

> [As to the contrast between election contests and *quo warranto* proceedings, see note in **Ann. Cas. 1913C, 161.**]

Crook County: T. E. J. Duffy, Judge.

In Banc.

Based upon certain alleged irregularities in the election held in Crook County on November 7, 1916, to determine whether a designated part thereof should become a new county to be called Deschutes County, the State of Oregon on the relation of a taxpayer and voter residing in the proposed municipality, brought this action to have the same declared void and to oust from office those individual defendants who had been appointed by the Governor as county judge and commissioners. Before the answer was filed the relator withdrew from the proceeding by permission of the court but the cause was afterwards prosecuted by the district attorney in the name of the state.

The answer denied all charges of irregularity relating to the election and the consequent organization of the new county. That pleading also narrated in detail all the steps taken from the beginning to the end of the process, including the returns of the election officers, the canvass thereof by the county officials, their certification thereof to the Secretary of State, his canvass thereof in the presence of the Governor, disclosing the requisite majority in favor of the proposed measure and the proclamation of the executive declaring Deschutes County to be thereby created. The answer also avers the Governor's appointment of the individual defendants to be county judge and commissioners of Deschutes County. Incorporated in the answer were two pleas in bar:

(1) The passage by the legislative assembly of the act approved February 1, 1917, entitled:

"An Act to create the County of Deschutes, to provide a temporary government, officers and county seat

for the same, and to declare valid the proceedings had at the general election held in Crook County, Oregon, on the seventh day of November, 1916, for the creation of said County of Deschutes, including the canvass of the vote cast at said election, the determination of the Governor of the State upon such canvass of the result of said vote, the proclamation of the Governor declaring said Deschutes County to be created; approving and confirming the appointment by the Governor of the State of the county court for said county, and the appointment by said county court of the remaining county officers of said County of Deschutes, and providing regulations for the adjustment of the changed conditions incidental to the creation and government of said Deschutes County, and declaring an emergency'': Laws 1917, Chapter 41.

(2)   The decree of the Circuit Court of Crook County in a suit by Clyde McKay as plaintiff against Warren Brown, county clerk, as defendant to enjoin the latter from certifying to the Secretary of State the returns and canvass of the election in question, in which suit the regularity of the establishment of Deschutes County was directly and completely called in question and was upheld by the decree.

The reply denied the canvass of the vote by the Secretary of State, the proclamation by the Governor and his appointment of the county judge and commissioners.   After a hearing the Circuit Court rendered judgment dismissing the action and the State appealed.

AFFIRMED.

For the State there was a brief submitted over the names of *Mr. Willard H. Wirtz,* District Attorney, *Mr. N. G. Wallace* and *Mr. M. R. Elliott.*

For respondents there was a brief prepared and submitted over the names of *Mr. H. H. De Armond,* District Attorney, and *Mr. Vernon A. Forbes.*

BURNETT, J.—The bill of exceptions does not disclose that any testimony whatever was offered in support of the allegations of the complaint and the only error assigned is the ruling of the trial court admitting in evidence the judgment-roll in the case of *McKay* v. *Brown* already mentioned.

1. It is true that the rule in this state is that in actions in the nature of *quo warranto* the burden of proof is upon the defendant to show his title to the office or in case of a corporation, to establish its right to exist as such an institution: *State ex rel.* v. *Port of Tillamook,* 62 Or. 332 (124 Pac. 637, Ann. Cas. 1914C, 483); *State ex rel.* v. *Evans,* 82 Or. 46 (160 Pac. 140).

2. Chapter 10 of the Laws of 1913 establishing a procedure for the creation and organization of new counties, provides that the votes cast at the election required to be held shall be counted, returned and canvassed in like manner and by the same officers as in any other election; that the county clerk shall certify the same to the Secretary of State who shall also canvass them in the presence of the Governor and upon its being ascertained thereby that the requisite majorities are in favor thereof the latter official shall issue his proclamation declaring the new county to be thereby created. The reply, indeed, denies that any of these official acts averred in the answer were performed by the Secretary of State and the Governor. This traverse, however, cannot avail the plaintiff anything on the record before us. Section 728, L. O. L., reads thus:

"There are certain facts of such general notoriety that they are assumed to be already known to the court. Of those facts evidence need not be produced."

Section 729 is in part as follows:

"The following facts are assumed to be thus known:—* *

"3. Public and private official acts of the legislative, executive and judicial departments of this state, and of the United States."

In the light of this rule of evidence we must know despite the denials of the reply that the Secretary of State did canvass the votes and the Governor did proclaim the creation of Deschutes County. They could not have done this legally except upon a prior regular election and count of the votes cast, resulting in the proper majority for the proposed county. In *Knox County* v. *Ninth Nat. Bank,* 147 U. S. 91, 97 (37 L. Ed. 93, 13 Sup. Ct. Rep. 267), the court said:

"It is a rule of very general application that where an act is done which can be done legally only after the performance of some prior act, proof of the later carries with it a presumption of the due performance of the prior act": See, also, *Nofire* v. *United States,* 164 U. S. 657 (41 L. Ed. 588, 17 Sup. Ct. Rep. 212).

3, 4. In the absence of any other evidence on the subject, the executive proclamation, judicially known to us and declaring the creation of the new county, makes a *prima facie* case for the defendants and sustains the burden of proof imposed upon them. It is analogous to a certificate of election fair upon its face and emanating from proper authority. Such a document is admissible in evidence in support of the incumbent's title to the office when his tenure is attacked, and constitutes some testimony in his favor, and, if undisputed, sustains him. *Magee* v. *Calaveras County,* 10 Cal. 376; *State* v. *Shay,* 101 Ind. 36; *Commonwealth* v. *Reno,* 25 Pa. Co. Ct. 442; *Kerr* v. *Trego,* 47 Pa. St. 292, and *Commonwealth* v. *Kelly,* 255 Pa. St. 475 (100 Atl. 272),

are precedents giving *prima facie* effect to certificates of election. Of course, a defendant takes chances when he relies solely on such papers, for in *quo warranto* proceedings the inquiry may be extended behind the returns even to the ballots themselves in search of the true result of the election. The certificate of election or, as in this case, the proclamation of the Governor, has controlling effect only in the utter absence of anything in the record to controvert it; but, being unopposed by any other showing, it places the validity of the establishment of Deschutes County beyond controversy.

The county having been regularly created, the power of the Governor to appoint a county judge and commissioners and their right to those offices follow as a matter of course. It is unnecessary to consider the validity of the act of February 1, 1917, or the effect of the decree in *McKay* v. *Brown.*

The judgment of the Circuit Court is affirmed.

AFFIRMED.