Argued November 1; affirmed November 13, 1935

# STATE EX REL. BROWN v. BAILEY ET AL.

(51 P. (2d) 671)

*Sam Van Vactor*, Deputy District Attorney, of The Dalles (T. Leland Brown, of The Dalles, on the brief), for appellant.

*Francis V. Galloway*, of The Dalles (Galloway & Krier, of The Dalles, on the brief), for respondents.

BEAN, J. This proceeding is in the nature of quo warranto. The complaint was filed September 11, 1935, or two years, one month and thirteen days after said canvass and proclamation by the county court.

The plaintiff assigns as error, among other things, the finding of the court that the notice of election complied in form and substance with section 65-703, Oregon Code 1930; that the Port of The Dalles is a legal public corporation, duly created and existing by virtue of the laws of Oregon pertaining to the creation and existence of ports, and that each of defendants are the legal, qualified and acting commissioners of the Port of The Dalles.

The main question for determination is: Was sufficient legal notice given by posting of election notices, and, if the notices were legally posted, was the election notice itself misleading, or illegal? There is a question raised in regard to the proceeding being barred by the statute of limitations, but, as we understand, there is the desire to have the case heard upon its merits. Therefore we pass that question.

From the evidence of 83 election officials, whose testimony was taken in the proceedings, and indulging the presumption that five others who have since died, and two others who are now in California and beyond the reach of Oregon process for whom the sheriff held subpoenas, had performed their official duty in posting election notices, the trial court found that in nine of the sixteen precincts in the port district, the full legal quota of notices was posted in public places. No testimony was offered concerning the posting of notices in six precincts, and in one small precinct, "Friend", there was apparently a shortage of one posted notice. The trial court found that had all the registered electors, not voting in the six precincts, concerning which no testimony was offered, and the one precinct where there was deficient posting, attended and voted unanimously against the proposition, it would still have carried by a majority of 331 votes.

1. A notice of election must substantially comply with the required legal notice and must be definite and not misleading: 5 McQuillin, Mun. Corp. (2d Ed.) § 2356. In *State ex rel. v. Port of Bay City*, 64 Or. 139 (129 P. 496), decided in January, 1913, this court advanced the idea that the canvass and proclamation of the county court provided by section 65-704, Oregon Code 1930, should be *res judicata*, stating as follows:

"The finding of the county court that the port had been duly and legally organized and incorporated, and the entry of this finding in the journal, was a final adjudication of every fact necessary under the law to constitute a valid corporation, including the location of its boundaries, and the matter sought to be litigated here is *res adjudicata*. There should be somewhere an end to litigation in respect to the organization of these ports, and, proper notice being conceded, parties claiming interest adverse to their organization should

be required to act promptly and before the final order of the county court is entered, instead of waiting until the preliminaries of organization have been completed and the officers of the corporation have entered upon their duties, and then interfering with the prosecution of the work by a proceeding based upon trifling irregularities.''

■ The rule in this state is that in actions in the nature of quo warranto the burden of proof is on the defendant to show his title to the office, or, in case of a corporation, to establish its right to exist as such an institution: *State ex rel. v. Deschutes County*, 88 Or. 661, 664 (173 P. 158), and cases there cited. In the opinion in that case, at page 665, we find the language of Mr. Justice BURNETT as follows:

''In the absence of any other evidence on the subject, the executive proclamation, judicially known to us and declaring the creation of the new county, makes a *prima facie* case for the defendants and sustains the burden of proof imposed upon them. It is analogous to a certificate of election fair upon its face and emanating from proper authority.''

■ It is shown that the county clerk sent out the required number of notices to the proper officials, the judges and clerks of election, and it may well be presumed that these officers performed their official duty and posted the notices: *State ex rel. v. Port of Tillamook*, 62 Or. 332, 339 (124 P. 637, Ann. Cas. 1914C, 483), and cases there cited; *State ex rel. v. Evans*, 82 Or. 46, 55 (160 P. 140). The difficulty of procuring the testimony of 83 judges and clerks in the election about two years and two months after the election was held, when it was found that five other judges and clerks had died since the election, shows the wisdom of the presumption that official duty has been performed in such cases.

■ In the organization of a port district, each voting precinct is a unit in relation to the posting of the election notices: *Roesch v. Henry*, 54 Or. 230, 243 (103 P. 439); *State ex rel. v. Hall*, 73 Or. 231, 243 (144 P. 475); *Bennett Trust Co. v. Sengstacken*, 58 Or. 333, 348 (113 P. 863). The law requires no return of posting election notices by judges and clerks of a port district election: § 65-703, Oregon Code 1930; *Bennett Trust Co. v. Sengstacken*, supra; *State ex rel. v. Port of Tillamook*, supra. Any failure strictly to comply with the requirements of the statute in respect to giving notice will not invalidate the election unless a different result could have been possible in the entire district affected by the majority vote: *State ex rel. v. Sengstacken*, supra; *Roesch v. Henry*, supra; *State ex rel. v. Hall*, supra.

■ In one small precinct, "Friend", there was apparently a deficiency of notices posted; the testimony shows the posting of only nine notices whereas ten was the complete number. The votes in this precinct could not possibly have changed the result. The mere failure to give sufficient, or any, notice, in some isolated or small precinct would not, standing alone, invalidate the election.

The following portion of the opinion in *State ex rel. v. Port of Tillamook*, supra, pretty well covers this case:

"The defendants show a compliance with the statute up to the time that it was the duty of the clerk to issue and mail notices to the judges and clerks of the election in the different precincts. Then the law steps in with the presumption that this official duty has been regularly performed, which in itself stands as *prima facie* evidence that the notices were issued and posted. *Lane [Lake] County v. Neilon*, 44 Or. 14, 21 (74 P. 212). Presumptions of this character

are made a part of the substantive law of this state by statutory enactment. In *State ex inf. Brown v. Seng-stacken,* 61 Or. 455 at page 468 (122 P. 297), it is said: 'In elections to incorporate ports, neither the judges nor the clerks are required to make any return of the posting of election notices. *Bennett Trust Co. v. Seng-stacken,* 58 Or. 333 (113 P. 863). This duty never having been imposed by statute , it will be assumed, without de-ciding the question, that the 14 notices, in respect to which no evidence was offered, were properly pre-sumed by the trial court to have been regularly posted' —citing *Wheat v. Smith,* 50 Ark. 266, 276 (7 S. W. 161). It is laid down as a rule, in 15 Cyc. 326, that, where an election has been held and the will of the voters has been executed by the proper authority, it may be presumed that due notice of the election was given. Under the rule that the performance of a prior act is necessary to the legality of a subsequent act, proof of the latter carries with it a presumption of the due performance of the former. *Knox County v. Ninth National Bank,* 147 U. S. 91 (13 Sup. Ct. 267, 37 L. Ed. 93) ; *Brownell v. Palmer,* 22 Conn. 106. The circuit court found that, pursuant to the order of the county court, the county clerk duly issued notices for the holding of a special election called by such order; that the notices were transmitted to the respective judges and clerks of the election in the various precincts described in the peti-tion; and that the notices were, by such judges and clerks, duly posted within their several precincts more than 10 days prior to the holding of such election. This finding was warranted by the evidence.''

■ An election notice is sufficient if it fairly and fully states the purposes of the election without misleading the affected voters: § 65-703, Oregon Code 1930; § 36-204, Oregon Code 1930; *State ex rel. v. Hall,* supra; *State v. Johnson,* 76 Or. 85, 87, 88 (144 P. 1148, 147 P. 926).

■ The election notices prepared by the county clerk and sent to the judges and clerks of election in the

various precincts in the proposed port district notified the legal voters that on July 21, 1933, at the usual polling places in the respective precincts in the county of Wasco, state of Oregon, a special election would be held, pursuant to an act passed by the legislative assembly of the state of Oregon and approved by the governor March 15, 1933; that at said special election there would be submitted to the legal voters the question, referred to the people by order of the county court through a petition of voters, Shall that portion of Wasco county, state of Oregon, described as minutely set forth in the notice, be incorporated as a municipal corporation to be known as the Port of The Dalles, in accordance with the provisions of that certain act of the legislative assembly of the state of Oregon, passed at the regular session in the year 1909, which election will be held at 8 o'clock in the morning and will continue until 8 o'clock in the afternoon of said day? The election notice is dated and signed by the county clerk of Wasco county.

The notice of election was legally sufficient; it complied with every requirement of the statute and no affected voter could have been misled thereby.

The Port of The Dalles was legally brought into existence by an election duly held on July 21, 1933, when the electors expressed themselves affirmatively by more than two to one majority. The result of the election was canvassed and proclaimed by the county court sitting for that purpose. There was a fair expression of the electors of the Port of The Dalles, and the result should not be annulled or disturbed.

The judgment of the circuit court that said port is legally constituted and established, and that the defendants are the duly qualified and acting board of commissioners of the Port of The Dalles, is affirmed.