Argued June 11, affirmed June 25, 1958

# WATERMAN ET AL *v.* SOUTHERN COOS GEN-
# ERAL HOSPITAL DISTRICT ET AL

326 P. 2d 1037

*Clifford B. Olsen,* Portland, argued the cause for appellants. With him on the brief were Anderson & Franklin, Portland.

*Myron Spady,* Bandon, argued the cause for respondents. With him on the brief were Howard A. Rankin and Shuler, Sayre and Winfree, Portland.

Before PERRY, Chief Justice, and ROSSMAN, LUSK, WARNER, McALLISTER, and SLOAN, Justices.

PERRY, C. J.

The plaintiffs brought what they term an action against the defendants for the purpose of having the defendant, Southern Coos General Hospital District, declared an invalid and unlawful municipal corporation.

Since this proceeding is brought by individuals only, and the state is not attacking the legality of the organization of this municipal corporation, we seriously doubt, even though defendants do not raise any objection, that we should entertain this appeal. *School District v. School District,* 34 Or 97, 55 P 98. See also Mr. Justice Lusk's dissenting opinion, *Portland Gen. Elect. Co. v. City of Estacada,* 194 Or 145, 202, 241 P2d 1129. However, since the parties inform us there are valuable inchoate rights of the municipal corporation which may be jeopardized unless this matter is promptly determined, we will determine the issues involved.

The defendant corporation was organized as a hospital district as authorized by ORS 441.210. The plaintiffs admit the validity of the legislative enactment and that all procedural steps required by statute necessary

to create the corporation were followed in every particular and the corporation would be de jure except that ORS 441.395 provides "The boundary lines of any hospital district shall include only such territory as may in reason be served by the hospital facilities thereof" and that certain lands were either inadvertently or arbitrarily included within the district which could not "in reason" be served by the defendant corporation.

The term "in reason" as used in the statute as a determining factor in fixing the boundaries of hospital districts may require defining, but it is not necessary to this opinion to attempt to do so.

■ It appears from the evidence in this case that if there is land included in this district which should have been excluded, it is so negligible in amount and the tax return so unimportant to the district that whether included or excluded from the district at the time of election to form the district it could not have appreciably affected the districts formation. This being so, the courts will not, where incorporation was effected without objection, declare the proceedings void and order an ouster of the corporation. *State v. Johnson,* 76 Or 85, 144 P 1148, 147 P 926.

■ The plaintiffs also appear to contend that, because the Act does not provide any procedure whereby owners of land may protest the inclusion of their land within the boundaries of the hospital district prior to the election which determines the boundaries and declares the fact of incorporation, they are being deprived of their property without due process of law unless they can have the corporation dissolved in this proceeding.

In this connection, it is to be noted that Ch 3, Title XLI, LOL, provided for the establishment of municipal port districts in much the same manner as is now pro-

vided by statute for the establishment of hospital districts. In neither is there any procedure prescribed whereby owners of land or others interested in the proposed district may protest the proposed boundaries thereof. Although the Act itself does not provide for such remonstrance, nevertheless this court recognized the right of these parties to protest irregularities at any time prior to the declaration of incorporation, but not subsequent.

"* * * The jurisdiction of the court to declare the organization of the port depends upon the notice given of the election. State v. Sengstacken, 61 Or 455 (122 Pac. 292); Wright v. McMinnville, 59 Or. 397 (117 Pac. 298). This notice was sufficient to call the attention of all property owners within the proposed port to the fact that it was proposed to organize a port corporation and to establish the boundaries of the same. By the provisions of the statute the county court was required to convene seven days after the election, to canvass the returns, and to enter upon the journals of the court a proclamation declaring, among other things, that the port had been duly and legally incorporated as a municipal corporation. Plaintiff and all others having interests adverse to the organization of the port were, by the publication of the notice of election required by law, duly and legally apprised of the pendency of the proceedings, and either before the election or within the seven days intervening after the election could have appeared before the court and pointed out the alleged defects in the petition, and in a simple and inexpensive proceeding have made themselves parties to the record there, and settled by review or appeal to the circuit court the questions they here seek to litigate. The finding of the county court that the port had been duly and legally organized and incorporated, and the entry of this finding in the journal, was a final adjudication of every fact necessary under the law to constitute a valid corporation, including the location

of its boundaries, and the matter sought to be litigated here is *res adjudicata.*" *State ex rel v. Port of Bay City,* 64 Or 139, 143, 129 P 496. See also, *State ex rel Brown v. Bailey,* 151 Or 496, 51 P2d 671.

The decree of the trial court is affirmed.