Argued October 6, reversed October 23, 1975

W. J. SEUFERT LAND CO., *Respondent, v.*
GREENFIELD ET UX, *Defendants, and*
BLANCHARD ET UX, *Appellants.*

541 P2d 814

John R. Faust, Jr., of Hardy, Buttler, McEwen, Weiss & Newman, Portland, filed briefs for appellants.

*Valerie Vollmar,* Salem, argued the cause for respondent. With her on the brief were Clark, Marsh & Lindauer, Salem.

O'CONNELL, C. J.

This is a creditor's bill in which plaintiff seeks to impose a judgment lien on homestead property sold by the judgment debtor to defendants Blanchard. The trial court entered a decree in favor of plaintiff, and defendants Blanchard appeal.

On July 30, 1971, plaintiff recovered a judgment against defendants Greenfield for $6,734.50. At the time the judgment was docketed, the Greenfields owned homestead property which was subject to a deed of trust securing a $16,500 loan. On August 22, 1973, the Greenfields sold the homestead property to the defendants Blanchard for $21,500. From the

proceeds of the sale the balance due under the deed of trust was paid off and the Greenfields received $4,189.47 for their equity. At the time the proceeds were so allocated defendants were not aware of plaintiff's judgment lien, because it had not been discovered by the title insurance carrier, although the judgment was properly docketed. On February 11, 1974, plaintiff filed the present creditor's bill. The balance due on the judgment as of May 1, 1974 was $6,686.59.

The trial court found that the value of the property was $21,500 (which was the purchase price) and held that the judgment lien applied to the extent of the difference between the homestead exemption of $7,500 and $21,500, the value of the property.

Our previous cases have established the principle that as between a judgment creditor and a purchaser from the judgment debtor any increase in value of the homestead property between the time of the sale and the time of the levy will be counted in determining whether the value of the land exceeds the homestead exemption and therefore is subject to the levy of execution to satisfy the judgment.[1]

The question now before us is whether this principle applies when there is no increase in the value of the land between the date of the sale and the date of the levy, but there is an increase in the purchaser's equity as a result of the discharge of a lien claimant whose lien was prior to that of the judgment creditor.

In our previous cases we were presented with the problem of deciding who, as between the judgment creditor and the purchaser of homestead property, should be entitled to the increment in the value of property attributable to economic factors over which

---

[1] Smith v. Popham, 266 Or 625, 513 P2d 1172 (1974) and cases cited therein.

neither of the parties had any control. After carefully weighing the competing interests of creditors and purchasers and the objectives of our homestead statutes as we interpret them, we concluded that any unearned increment to the land should inure to the judgment creditor in the case of homstead property just as it does in the case of non-homestead property.[8]

We think that entirely different considerations are involved when the creditor does not seek to reach a new value created by economic forces, but seeks to take advantage of the purchaser's acquisition of the interest of another lien claimant which is admittedly prior to that of the judgment creditor. When this is the case, the policy of avoiding unjust enrichment comes into play as we shall now demonstrate.

In the present case the purchaser was not aware of the plaintiff's docketed judgment since it was not discovered in a title search made by defendants' insurer. If defendants had been aware of the judgment lien, they could have purchased the property in a manner which would have kept alive the lien of the deed of trust.[9] To hold that a different result obtains because defendants failed to put the transaction for the purchase of the property in a form that would have preserved the priority of the deed of trust, would be elevating form over substance.

In our recent cases defining the rights of the judgment creditor to reach homestead property conveyed to a purchaser, the underlying reasoning is that except for the deduction allowed for the homestead exemp-

---

[8] Smith v. Popham, *supra* note 1.

[9] Thus, the purchaser could have taken an assignment of the deed of trust in a manner which would avoid merger, or he could have brought about a foreclosure of the deed of trust, applying the amount of the debt thus secured against the purchase price and clearing the property from the lien of the judgment debt.

tion, the judgment creditor should have the same rights against the transferee of the judgment debtor whether the land involved is homestead or non-homestead property. If the property in the case before us had been non-homestead property, it would be clear that plaintiff could not enforce its judgment lien in derogation of defendants' interest represented by their payment of the debt secured by the deed of trust.

■ It is well established that when there is a senior and a junior lien on property, the payment of the senior lien by one who has an interest in the property, other than debtor, does not entitle the junior lien claimant to assert his lien without taking account of the prior lien. Thus it is held that where a first mortgagee acquires the mortgagor's interest, the first mortgage does not merge with it so as to elevate the second mortgage to a position of a first and only mortgage.④ This principle has application where a purchaser of the mortgagor's interest pays off the senior lien assuming, of course, that he has no intention of elevating the junior lien so as to give it the same effect as if there had been no pre-existing senior lien.⑤ And the principle applies where, as in the present case, the senior lien is paid off in ignorance of the intervening lien.⑥

■ The rule preserving or reinstating the senior lien

④ See Osborne on Mortgages (2nd ed 1970) § 275; II Glenn on Mortgages § 337 (1943); Smith v. Allen, 144 Or 261, 266, 24 P2d 1043 (1933) and cases cited therein. *Cf.,* Lothstein v. Fitzpatrick, 171 Or 648, 138 P2d 919 (1943).

⑤ Hicks v. Beals, 83 Or 82, 163 P 83 (1917).

⑥ In Holzmeyer v. Van Doren, 172 Or 176, 139 P2d 778, 148 ALR 808 (1943), it was held that "a mortgagee, who in ignorance of intervening judgment lien, released note and mortgage and accepted deed from mortgagors, was entitled to cancellation of release and deed and to a decree rendering judgment lien inferior to mortgage lien notwithstanding mortgagee could have apprised himself of judgment lien by consulting judgment lien docket."

rests upon the principle of avoiding unjust enrichment. As Osborne on Mortgages (2d ed 1970) § 275, pp. 557-58 explains:

"* * * The decisions may be justified on grounds of unjust enrichment, a doctrine implicit in the rationale of fairness in giving effect to the mortgage creditor's intent when it appears. By the destruction of the prior mortgage, the later lien or interest is elevated to a priority for which its owner paid nothing and hence is, as to him, a pure windfall. And it is a windfall at the expense of the prior mortgagee. * * * Where the first mortgagee knew of the second man and intended to prevent him getting this benefit it would be unconscionable to permit him to have it. The same seems true of a case where a mortgagee gave up his mortgage in the mistaken belief that a later one would not be enforced. So, too, if he didn't know of the later interest and so didn't know that the result of his action with respect to the first mortgage would be to confer this advantage on it. That the ignorance or mistake was due to negligence on his part should make no difference. The only consequence of the negligence is to confer a benefit upon the later lienors or other claimants which, if taken away, would leave them in no worse position than they were before the occurrence. Since it does not put them at any disadvantage or cause them any loss, it should not prevent the first mortgagee from being restored to his position by reinstating his mortgage. And, it is believed that this principle of restitution to prevent unjust enrichment can be justifiably extended to include all cases in which there is no actual intent with respect to the later interest. And there is no ground for automatic merger of it regardless of intent."

■ The foregoing analysis of the problem is in no way affected by the fact that the land subject to the successive liens is homestead property; the same considerations of fairness and of avoiding a windfall are

present. Defendants Blanchard are, therefore, entitled to reinstate the deed of trust, and the amount of the debt secured by it together with the amount of the homestead exemption must be deducted from the value of the land in determining what is subject to execution on plaintiff's judgment lien.

The decree of the trial court is reversed.