## VOGEL *et al.* v. STEELMAN *et al.*

No. 7627.   Opinion Filed March 7, 1916.

Rehearing Denied May 2, 1916.

(157 Pac. 280.)

1. **SCHOOLS AND SCHOOL DISTRICTS—Taxes—Submission of Question to Popular Vote.** By section 2, c. 192, Sess. Laws 1915, it is made the duty of the board of education to call an election for the purpose of voting for an increased levy of taxes for school purposes, pursuant to section 9, art. 10 (section 274), Williams' Constitution.

2. **ELECTIONS—Qualification of Voters—Sex—Taxation—School District Elections.** Section 3, art. 3 (section 44), Williams' Constitution, provides: "Until otherwise provided by law, all female citizens of this state, possessing like qualifications of male electors, shall be qualified to vote at school district elections or meetings."

3. **SAME.** The term, "school district elections," as used in the foregoing constitutional provision, is very general in its nature, and is broad enough to embrace an election held for the purpose of authorizing an increased levy of taxes for school district purposes, pursuant to section 9, art. 10, Williams' Constitution.

(Syllabus by the Court.)

*Error from District Court, Coal County; J. H. Linebaugh, Judge.*

Suit in equity by Isaac Vogel and others against Alex Steelman and others, as members of the Excise Board of Coal County. Judgment for defendants, and plaintiffs bring error. Affirmed.

*J. G. Ralls* and *George E. Jahn,* for plaintiffs in error.

*Fooshee & Brunson,* for defendants in error.

KANE, C. J.  This was a suit in equity, commenced by the plaintiffs in error, plaintiffs below, as taxpayers, against the defendants in error, as members of the excise board of Coal county.  The petition alleges, in effect, that the defendants are threatening to convene in session for the purpose of passing on tax levies, etc., as provided by law, and that, as such excise board, they are threatening to allow as a tax levy, and will allow as a tax levy, 17 mills for school purposes for said school district of Coalgate; that, in addition to the levy of five mills authorized under the provisions of the general law, they are threatening to, and, unless restrained, will allow an additional levy of 12 mills on the dollar against all the property of said plaintiffs; that, inasmuch as said levy of 12 mills has not been submitted to a vote of the legal voters of said school district, and no legal election has been had upon said questions in said school district, said additional levy of 12 mills is in violation of section 9, art. 10, Williams' Constitution.

Upon this petition being filed the court issued a temporary injunction and ordered that the 7th day of September, 1915, be set as the time for hearing and determining said petition for injunction as to whether the same should be made permanent.  Thereafter the de-

fendants filed a pleading, which, although it contains all the essential elements of an answer, they entitle "motion to quash temporary injunction," wherein they deny each and every allegation contained in the plaintiffs' petition and expressly deny that, as such excise board, they are threatening to allow as a tax levy seventeen mills for school purposes for said school district; but, on the contrary, they allege they are attempting only to make a levy of fifteen mills for school purposes, five mills of which is allowed by general law, and ten mills additional which is authorized by an election duly had in pursuance of law; wherefore they pray the court to dissolve and set aside said temporary restraining order and modify the same so as to authorize the excise board to levy ten mills in addition to the five mills allowed by law—in all, fifteen mills—for school purposes. Upon the hearing of the motion to dissolve the temporary injunction it was agreed between counsel as follows:

"That the election referred to and set out in the motion to quash the temporary injunction was called by the school board without any action being taken on the part of the city officials of the city of Coalgate and without any city officers joining in the call for such election, and that at such election women voted."

This agreement and the allegations of new matter contained in the answer, and not denied, constitute the facts upon which the cause was tried. Upon consideration of these facts the court sustained the motion to quash and adjudged and decreed that the temporary injunction formerly granted be dissolved, set aside, and held for naught.

Counsel for plaintiffs in error say the judgment of the court below should be reversed for the following rea-

sons: (1) The court erred in holding that the school board of the city of Coalgate had the authority to call the election for the purpose of voting an additional levy for school purposes without the city officials joining in the call and in conducting the election; (2) the court erred in holding that under the Constitution of this state an additional levy in excess of ten mills can be made; (3) the court erred in holding that at an election held for the purpose of voting additional levies women are qualified voters.

The first assignment of error seems to be predicated upon a statute which was repealed at the time the election was called. Section 2, c. 192, Session Laws 1915, the statute in force, provides:

"If the assessed valuation of said school districts controlled by boards of education in the cities of the first class for the current fiscal year is not sufficient by a levy of five mills to create the fund as determined in the budget as prepared by virtue of section 1 of this act, the board of education shall determine the amount of excess levy above the five mills that will be required to raise the amount as determined by the assessed valuation for the current fiscal year. Within ten days after the amount of such excess levy has been determined, the board of education shall issue a call for and hold an election in May for the purpose of voting on said excess levy. Said election shall be called by the board of education in the manner provided by law for calling special school elections in cities of the first class."

This section, which was in force at the time the election herein was held, seems to fully refute the first contention of counsel.

From an examination of the record and judgment of the court we are unable to find that the trial court

held that under the Constitution of this state an additional levy in excess of ten mills can be made.   On the con-, trary, the excise board in its return specifically states that it is its purpose to levy but fifteen mills for school purposes, five mills of which is allowed by the general law, and the ten mills additional, which had been authorized by election duly held.   This allegation was not denied, and the trial court, no doubt, as it had a right to do, considered it as true.

The next contention of counsel seems to be met by section 3, art. 3, Williams' Constitution, which provides:

"Until otherwise provided by law, all female citizens of this state, possessing like qualifications of male electors, shall be qualified to vote at school district elections or meetings."

The term "school district elections," as used in the foregoing constitutional provision, is very general in its nature, and, in our judgment, is broad enough to embrace an election held for the purpose of authorizing an increased levy of taxes for school district purposes, pursuant to section 9, art. 10, Williams' Constitution.

Finding no reversible error in the record, the judgment of the court below is affirmed.

All the Justices concur.