Argued October 27, affirmed December 8, rehearing denied December
30, 1925.

## J. E. McKINNON et al. v. UNION HIGH SCHOOL DISTRICT No. 1 of BAKER COUNTY et al.

(241 Pac. 386.)

**Schools and School Districts—Legal Voter in Union High School
District Bond Election not Required to be Taxpayer or Head of
Family of School Children.**

1.   Under Section 5298, Or. L., providing that legal voters are
those who can legally vote for school officers in respective districts,
and Section 5140, governing bond elections, expressly providing
that any qualified elector of state may vote for school officers in
district of his residence, any person over the age of twenty-one,
residing in district thirty days prior to election, is qualified elector
in a union high school district election to determine whether or not
bonds of such district shall be issued; it not being necessary, under
Section 5140, that elector be either a taxpayer or head of a family
in which there are children of school age.

**Schools and School Districts—Legislature may Define Qualifications
of Electors in School Elections.**

2.   Legislature may define qualifications of electors in school
elections.

Schools and School Districts—Law in Force at Time Governs School Election.

3. The law prescribing requirements of electors in force at time governs a school election.

Schools and School Districts—References to General School Law Held not to Change Law Defining "Elector" at Elections in Union High School Districts.

4. References to general school law, contained in Section 5313, subdivision 3, Or. L., and in Section 5316, may not be construed as changing provisions in Section 5298, defining an "elector" at elections to be held in union high school districts is one who can legally vote for school officers in respective districts, but such references should be construed to supply regulations of school matters not covered in act in which references are found. '

Schools and School Districts—Irregularities in Election Held not to Make It Void Without Showing That They Contributed to Result.

5. Irregularities in union high school district bond elections, such as that more than one ballot was delivered to some voters, or that person other than clerk entered names of voters on sheets, or that separate sheets of paper were used to list voters instead of poll-books, do not make election void without showing that irregularities contributed to the result.

Constitutional Law, 12 C. J., p. 883, n. 98, p. 887, n. 38.

Elections, 20 C. J., p. 61, n. 44.

Schools and School Districts, 35 Cyc., p. 990, n. 86, p. 993, n. 1 New.

Statutes, 36 Cyc., p. 1103, n. 90, p. 1107, n. 32, p. 1147, n. 30, p. 1149, n. 39, p. 1150, n. 40.

From Baker: C. H. McCulloch, Judge.

In Banc.

This suit was instituted to enjoin the defendants from issuing bonds of Union High School District No. 1 of Baker County for the purpose of building a schoolhouse. The bonds were authorized at an election duly called and held. A demurrer to the complaint was sustained by the Circuit Court, and the

5. Effect of irregularities in calling and conducting election, see note in 83 Am. Dec. 749.

Irregularities which will avoid election, see note in 90 Am. St. Rep. 46.

Effect on ballots cast at election of official irregularity, see notes in 12 Ann. Cas. 722; Ann. Cas. 1912A, 171; Ann. Cas. 1915A, 1008. See, also, 9 R. C. L. 1093.

plaintiffs refusing to plead further, a decree was entered dismissing the suit and awarding costs to defendants. Plaintiffs base their appeal on the alleged error of the court in sustaining the general demurrer to the complaint. They state in the argument that—

"There are but two questions before the court on this appeal, namely: What are the qualifications of legal voters in Union High School Districts in voting at a bond election, and the further question as to whether the trial court had jurisdiction to consider the legality or illegality of a school bond election in a Union High School District, when fraudulent acts on the part of the officers in charge of the election are alleged in the complaint and admitted by demurrer."

Affirmed.    Rehearing Denied.

For appellants there was a brief over the name of *Messrs. Nichols, Hallock & Donald*, with an oral argument by *Mr. James T. Donald*.

For respondents there was a brief over the names of *Mr. C. F. Massey* and *Messrs. Teal, Winfree, Johnson & McCulloch*, with an oral argument by *Mr. A. B. Winfree*.

COSHOW, J.—1. It is contended by plaintiffs that a legal voter in an election, held in a union high school district for the purpose of deciding whether or not bonds of the district shall issue to raise money with which to construct a schoolhouse for such district, is defined in Section 5140, Or. L. The pertinent parts of that section are as follows:

"Any citizen of this state, male or female, who is twenty-one years of age and has resided in the district thirty days immediately preceding the meeting or election and has property in the district, as shown by the last county assessment, and not assessed by the
116 Or.—35

sheriff, on which he or she is liable or subject to pay a tax, shall be entitled to vote at any school meeting or election in said district; provided, that the property qualifications imposed by this section shall not apply in the election of school directors and school clerks * * ; provided further, that in the districts of the third class, any head of a family who is otherwise a qualified elector, and having children of school age, may vote at such election without property qualifications."

The plaintiffs insist that in order to be an elector in a union high school district one must either be a taxpayer as defined in said Section 5140, Or. L., or be the head of a family in which there are children of school age.

On the other hand, defendants contend that any person over the age of twenty-one, and who has resided in the district thirty days immediately prior to the election, is a qualified elector in a union high school district election held to determine whether or not bonds of such district shall be issued. Defendants base their contention on Section 5298, Or. L., which provides:

"When used in this act the term * * legal voters are those who can legally vote for school officers in their respective districts."

By the express terms of Section 5140, Or. L., any qualified elector of the state may vote for school officers in the district in which he has the required residence.

2. It is the settled law of this state that the legislature may define the qualifications of electors at school elections: *Harris* v. *Burr*, 32 Or. 348 (52 Pac. 17, 39 L. R. A. 768).

The language of the act creating union high school districts is plain and unambiguous. We are not per-

mitted to change or modify its terms by construction. We are not required to inquire into the reasons for providing different qualifications for electors in elections held to vote on bond issues in union high school districts from those prescribed for other school districts. The legislature has ordained that property qualifications or being the head of a family with children of school age is not necessary to entitle a citizen to vote in such elections. We are bound by the act of the legislature in that respect.

3, 4. The school election assailed in this suit was held on the twenty-fourth day of January, 1925. The law in force at that time governed that election: *State ex rel.* v. *Goff,* 110 Or. 349, 357–360 (218 Pac. 556, 221 Pac. 1057). At that time the law prescribed that legal voters, as used in the statute governing union high school districts, "are those who can legally vote for school officers in their respective districts." Section 5313, subdivision 3, prescribes:

"When authorized by a majority vote of the legal voters present at any legally called meeting, in a union high school district, the board of such district may, in the name and behalf of their district, contract a debt by borrowing money, or otherwise, * * ; provided further, that such directors shall call a bond election, when petitioned to do so, in accordance with the provisions of the bonding act for bonding regular school districts." Section 15, Chap. 101, Laws of 1907, as amended by Chap. 53, Laws of 1911.

Section 5316, being Section 19 of Chapter 101, Laws of 1907, reads as follows:

"All laws governing regular school districts and officers shall apply to union high school districts and officers so far as applicable."

These references to the general school law may not be construed to change the provision defining an

elector at elections to be held in union high school districts. Such references should be construed to supply the regulations of school matters in union high school districts not covered in the act in which said references are found. The several statutes governing school districts, being enactments on the same subject matter, should be construed together and so that all the provisions of all the statutes may be given their intended effect. To hold that voters in union high school districts must have property, or have children of school age, would in effect nullify one of the provisions of said Section 5298. This we cannot do: *McLaughlin* v. *Hoover*, 1 Or. 31; *Stoppenbach* v. *Multnomah County,* 71 Or. 493, 509 (142 Pac. 832); 25 R. C. L. 1062, 1063, §§ 286, 287.

5. The allegations of fraud in the complaint are based principally on the qualifications of voters, and fall with our construction of the statutes. The other matters alleged to constitute fraud are irregularities, and it is not alleged nor claimed that any elector voted more than once, or that the use of loose sheets of paper instead of poll-books contributed to the result of the election. The election is not invalid because of the irregularities to the effect that more than one ballot was delivered to some voters, because some person other than the clerk entered the names of some voters on such sheets, or because separate sheets of paper were used to list the voters instead of poll-books. These are mere irregularities and would not void an election without a showing that they contributed to the result.

These conclusions render it unnecessary to consider the second question presented on this appeal. In our opinion the complaint does not state facts sufficient

to constitute a cause of suit against the defendants. For that reason the decree appealed from is affirmed.

AFFIRMED.    REHEARING DENIED.

---

Motion to dismiss overruled September 15, argued at Pendleton October 26, affirmed November 24, costs taxed December 30, 1925.