Argued April 10, affirmed June 26, 1928.

# W. J. GREGOR ET AL. *v.* CITY OF PORTLAND.

(268 Pac. 743.)

For appellants there was a brief and oral argument by *Mr. Howard P. Arnest.*

For respondent there was a brief and oral argument by *Mr. Frank S. Grant,* City Attorney, and *Mr. Lyman E. Latourette,* Deputy City Attorney.

COSHOW, J.—■■ It is well settled in this state that the record of assessment of benefits against property for street improvements must affirmatively show that the procedure prescribed by the legislature must be strictly followed: *Jones* v. *City of Salem,*

63 Or. 126 (123 Pac. 1096); *Keane* v. *City of Portland*, 115 Or. 1, 7 (235 Pac. 677); *In re Board of Directors* v. *Peck*, 91 Or. 33, 45 (178 Pac. 186). Substantial compliance with the provisions of the law after the city has acquired jurisdiction of the persons and cause is all that is required: *Latourette* v. *County Court of Clackamas County*, 121 Or. 323, 331 (255 Pac. 330); *Kershaw* v. *The City of Willamina*, 119 Or. 543 (250 Pac. 235); *Duniway* v. *Portland*, 47 Or. 103 (81 Pac. 945).

■ Plaintiffs do not claim that the proper notice was not given, nor that any other step in the procedure for acquiring jurisdiction to order the improvement made was omitted. The sole contention is that the city council failed to incorporate in its findings, first, the statement that the report of its engineer was "reasonable and just"; and second, that the city council deemed the same to be a "fair, just and proper assessment of benefits," and for that reason the assessments did not comply with the charter. The record clearly shows that the report of the engineer was before the city council for consideration at 10 o'clock in the forenoon of September 30, 1925, also at 2 o'clock of the same day, and again on the thirteenth day of October, 1925, again October 27, 1925, and November 4, 1925, at 10 o'clock in the forenoon and 2 o'clock in the afternoon. Ordinance No. 48082 entitled: "An Ordinance overruling objections adopting the engineer's report for the proposed change of grade on a portion of Interstate Avenue and certain other streets, making an assessment of damages and benefits." was introduced by order of the council, read twice November 4, 1925, was read the third time, and unanimously passed November 18, 1925. At the several meetings when

said report of the engineer was under consideration different parties objecting to the assessments of benefits and damages appeared, some of them in person and others by attorneys, and the matter was discussed. The Chief Bureau of Construction reported to the city engineer under date of October 25, 1925, that the assessment of damages was equitable and just, that the remonstrators and other objectors equaled 24.3 per cent of the parties affected by the assessments; that more than 50 per cent of the parties so affected had petitioned for the improvement, recommended that all remonstrances be overruled, and the city engineer's report adopted. The engineer's report was adopted after said hearing. We think the council fully complied with the city charter, which requires the council to be satisfied that the report is reasonable and just and assessment of benefits made fair, just and proper. It must be remembered that the council had acquired complete jurisdiction of the subject matter, and that a substantial compliance with the provisions of the charter thereafter is all that is required. It is not necessary that the council should state in the exact words of the charter that it had found the damages and assessments "reasonable and just," and the assessment of benefits to be "fair, just and proper." The only implication from the action of the council taken after the repeated hearings on the engineer's report is that it must have so found, because it adopted the report. The city charter expressly prescribes that "no findings or conclusions need be entered relative to objections." Section 324.

This conclusion disposes of the third assignment of error also. We having determined that the city

council had complied with the charter in making the order adopting the report of the city engineer, it follows necessarily that its conduct could not be arbitrary or the assessment invalid, unless fraud was found or a demonstrable mistake made. Plaintiffs do not claim that fraud was committed, unless a demonstrable mistake proves constructive fraud. This claim will be disposed of later.

██ From what has been said it also necessarily follows that the assessment of benefits and damages was the act of the city council, and not the act of the city engineer. The charter requires the matter of such improvements to be referred to the city engineer by the council. This was done. The charter further requires the city engineer to make' his report of the feasibility of the project and the amount of benefits and damages to be sustained by the property affected by the proposed improvement. This the city engineer did. The council could not delegate its authority: *Allen* v. *City of Portland,* 35 Or. 420 (58 Pac. 509); *In re Board of Directors* v. *Peck,* above; *Keane* v. *City of Portland,* above; *McQuiddy* v. *Vineyard,* 60 Mo. App. 610. But the council did not attempt to delegate its power to its engineer. It required the report from the engineer as the charter prescribes. The council itself held meetings, heard the objectors and remonstrators, and then passed judgment upon the matter. The charter was strictly followed in the proceeding as shown by the record before us.

█ Plaintiffs further claim and strenuously insist that the physical relation of their property to the proposed improvement is such that it is impossible for that improvement to benefit their property. From this contention it is argued that levying an

assessment against their several lots and tracts of property amounts to constructive fraud and vitiates the proceeding. The record and evidence adduced and brought here convinces us that this contention is not supported. This court cannot substitute its judgment for that of the city council. Improvement of highways is primarily a legislative matter. The assessment of benefits and damages is *quasi* judicial. Unless the city council, in the exercise of its functions in determining the necessity of the improvement and assessing the benefits and damages, exceeds the power granted to it by its charter or transgresses the Constitution, we cannot interfere with its conclusions and orders: *Austin* v. *Tillamook City,* 121 Or. 385 (254 Pac. 819). We find the necessary steps prescribed by the charter for making the improvements involved in this suit were taken by the council, and that no error was committed in the proceeding or in the court below.

■ The record does not disclose any demonstrable mistake in the council's actions. It does not show that it is physically impossible for plaintiffs' property to be benefited by the proposed improvement. As the avenue existed at the commencement of these proceedings it was of little service as a thoroughfare. The district in which plaintiffs' tracts are located got but little benefit from it. The 'traffic may be seriously congested in the southern portion of the district. That congestion may be entirely eliminated by the proposed improvement. We can see where the proposed improvement could effect that result. The entire district would be materially benefited by that result. It being physically possible for all the tracts to receive benefit from the proposed improvement, the need for the improvement is a

legislative function committed to the city council. The distribution of the benefits and damages is a *quasi* judicial function also entrusted to the council. With the exercise of those functions within the charter and Constitution the courts have no power to interfere. The decree is affirmed.  AFFIRMED.

RAND, C. J., and McBRIDE and ROSSMAN, JJ., concur.