Submitted on briefs January 22; affirmed January 28, 1936

# STATE EX REL. WEATHERFORD v.
## HAYWORTH ET AL.

(53 P. (2d) 1048)

*J. K. Weatherford,* district attorney, of Albany, for appellant.

*Weinke & Amstutz,* of Portland, for respondents.

BELT, J. This is a proceeding in the nature of quo warranto brought to determine the validity of the organization of Union High School District No. 5 in Linn county. The demurrer to the further and separate answers of the defendants was overruled and, upon refusal of the plaintiff further to plead, the circuit court entered judgment in favor of the defendants, sustaining the validity of the high school district. Plaintiff appeals.

The demurrer of the plaintiff presents two questions, viz:

"1. Was the election held by school district No. 42, Linn county, Oregon, on the 17th day of September, 1927, to determine whether said district should join with the proposed union high school district, held in the manner provided by law?

"2. Does the error in description of that part of school district 15, Lane county, Oregon, included in union high school district No. 5, Linn county, Oregon, make the boundary of said union high school district so uncertain as to render the formation of said union high school district void?"

These two propositions will be considered in the order stated.

An election was held in school district No. 42, Linn county, Oregon, on August 24, 1927, to determine whether said district would join with other school districts in Linn and Lane counties in forming a union high school district. The election polls on said day were kept open from 1 o'clock p. m. to 6 o'clock p. m. and the election resulted in 34 votes being cast in favor

418

of the union high school district and none in opposition thereto.

■ Plaintiff contends there is no statute providing the manner of holding such elections for the formation of union high school districts, and, since there is no inherent power vested in the people so to do, the proceedings had were null and void. We agree that an election to be valid must be held pursuant to some law authorizing the same (*State ex rel. v. Simon*, 20 Or. 365 (26 P. 170); *State ex rel. v. Kozer*, 115 Or. 638 (239 P. 805); *Kneeland v. Multnomah County*, 139 Or. 356 (10 P. (2d) 342)), but think such rule has no application to the instant case.

Section 35-3703, Oregon Code 1930, authorizes the holding of an election in a school district to determine whether it shall be included in a union high school district. True, there is no specific statutory provision designating the manner and method of holding such election, but we direct attention to section 35-3721, Oregon Code 1930, which provides, "All laws governing regular school districts and officers shall apply to union high school districts and officers so far as applicable." In the election in question the school officers of district No. 42 followed the method provided by section 35-2002 for school district bond elections. Under such section the election polls are directed to be kept open between the hours of 2 o'clock p. m. and 7 o'clock p. m. The statute (section 35-1006, Oregon Code 1930) also provides for elections to select school officers and the selection of school sites (section 35-1112, Oregon Code 1930). The election in question was authorized by law (section 35-3721, Oregon Code 1930). The voters had due notice thereof and it was conducted fairly and honestly. There is no showing that it would have resulted differently had

it been held in any other manner. Mere irregularities, not affecting the result, will not be held—especially after a lapse of years—sufficient reason to overthrow an election: *Roesch v. Henry*, 54 Or. 230 (103 P. 439); *Links v. Anderson*, 86 Or. 508 (168 P. 605); *State v. Bailey*, 151 Or. 496 (51 P. (2d) 671), and cases therein cited. In *Links v. Anderson*, supra, it was contended that the election was invalid because the election officers closed the polls at 5 p. m. instead of 8 p. m. as provided by statute, but the court overruled this contention in the following language:

"This, however, is directory only and avails nothing unless it can be shown that some elector was thereby deprived of the right to vote and that the number thus excluded was sufficient to change the result."

Also see 20 C. J. 173 and 9 R. C. L. 1108. The objection made by appellant goes to the mode of the election rather than the lack of statutory authorization therefor. As stated in McCrary on Elections (4th Ed.) § 196:

"Where a statute authorizes an election to be held by a county, city or township for the purpose of determining a given question * * * and where such statute points out no mode for conducting such election, it has been held that it should be conducted in the manner prescribed by law for other elections by the same body."

■ The second contention of the appellant is that the organization of the union high school district should be declared null and void for the reason that the boundaries of the high school district as set forth in the various petitions and notices of elections were erroneously described. The objection pertains particularly to the description of the boundaries of school district 15 in Lane county, a part of which was in-

cluded in the union high school district. The beginning point in the description of district No. 15 was definite and specific and the various calls leading to a point where the county road to Monroe, Oregon, intersects the western boundary line of the district are correct. From that point the description reads as follows: "* * * and thence North along said West line to the place of beginning", whereas it should have read: "* * * thence North along said West line to the Northwest corner of said district and then East along the North line of said school district No. 15 to the place of beginning." Thus, it seems the last call was omitted in the description. However, it is clear from the entire description what territory was intended to be included and it was sufficiently certain and definite to enable a surveyor to ascertain and trace the true boundaries of the district: McQuillin on Municipal Corporations (2d Ed.) § 279; *Bogard v. Barham*, 52 Or. 121 (96 P. 673, 132 Am. St. Rep. 676); *Smith v. McDuffee*, 72 Or. 276 (142 P. 558, 143 P. 929, Ann. Cas. 1916D, 947); *Hoffman v. Doris*, 83 Or. 625 (163 P. 972). Indeed, it is alleged in the answer and, upon demurrer, is admitted to be true, "that said area and the boundaries thereof from the original description can be and have been ascertained, determined and established by surveyors; that there are warrants now outstanding of said district in the sum of twelve hundred dollars ($1200); that in 1933 there was added to said original union high school district additional territory in Linn, Lane, and Benton counties as is hereinafter more fully set forth in paragraph X; that all legal voters, taxpayers, students, inhabitants and residents of said area and all public officials, creditors and obligees of said district have treated said area as being a part of said union high school district

No. 5, Linn county, Oregon, and have in their acts, duties and deeds acted and relied thereon and still continue to act and rely thereon; and that all and every one of said public officials and said persons individually and collectively have acted and relied thereon since the original date of the formation of said district to the present time''. In the light of the above admission and the well-established law applicable thereto, it is clear that the error in the description of the boundaries of school district No. 15 will not render invalid the organization of the union high school district. It will be recalled that only a part of district No. 15 was included in the union high school district and it is plain from the description, notwithstanding the omission of one call, what territory was intended to be included.

■ Furthermore, the plaintiff, after a lapse of eight years, is not in a position to assert the invalidity of the union high school district. The doctrine of laches precludes the state from maintaining this action: *State ex rel. Teegarden v. Union High School District No. 1* this day decided; *State ex rel. v. School District,* 148 Or. 273 (31 P. (2d) 751, 36 P. (2d) 179).

The judgment of the lower court is affirmed.