Argued June 11, affirmed November 17, 1965

VOTH ET AL *v.* FISHER ET AL

407 P. 2d 848

*Kenneth E. Shetterly,* Dallas, argued the cause for appellants. On the brief were Hayter & Shetterly and Jerome L. Noble.

*Cecil H. Quesseth,* Salem, Special Assistant Attorney General, argued the cause for respondents. With him on the brief was Robert Y. Thornton, Attorney General.

Before McAllister, Chief Justice, and Perry, O'Connell,* Denecke and Lusk, Justices.

LUSK, J.

This is a mandamus action brought by the members of the Polk County Intermediate Education District Board (hereinafter referred to as the Polk County Board) against the members of the State Board of Education (hereinafter referred to as the State Board) to compel the State Board to act upon a plan for the formation of an administrative school district. The circuit court entered a judgment disallowing the writ and plaintiffs have appealed.

ORS 330.530 and succeeding sections provide for

---

* Did not participate in this decision.

the reorganization of school districts into "administrative school districts." ORS 330.530 (1) reads:

"In accordance with ORS 330.530 to 330.555 and 330.560 to 330.570, the committee may prepare further reorganization plans for the formation of administrative school districts within the county. A plan for the reorganization of school districts involving territory lying in two or more counties shall be prepared by the joint action of the committees of the respective counties."

The "committee" referred to in the foregoing section is synonymous with Intermediate Education District Board: ORS 330.505 (2).

Subsection (2) of ORS 330.530 reads in part:

"The reorganization plan shall provide for the incorporation of territory of the county into one or more administrative school districts that maintain and operate a program that will meet the minimum standards adopted by the State Board of Education under ORS 330.545. The reorganization plan shall be one which takes into consideration the studies and surveys referred to in ORS 330.535. The reorganization plan shall set out:"

There follow detailed provisions regarding boundaries, location of schools, adjustments of property, assets and debts of each school district affected by the reorganization plan, etc., and, if the proposed administrative school district will have a population of not more than 40,000 (applicable here), this provision:

"(j) Notwithstanding the provisions of ORS 334.020, a designation of the intermediate education district in which the proposed administrative

school district is to be included if such proposed administrative school district is a joint district."[1]

Provision is made for public hearings on the reorganization plan (ORS 330.550), revisions or modifications thereof, and public hearings on any revised or modified plan and, after adoption of the final plan, its submission to the State Board of Education (ORS 330.555). The State Board, after public hearing, may approve the plan (ORS 330.565) or, if it finds it unsatisfactory, the District Board is required to submit a revised plan within 90 days from the date of notification of nonapproval (ORS 330.570). After the State Board has approved a plan it must be submitted to the legal school voters of the proposed administrative school district at a special election, except that no election is required where no change in boundary is involved.

ORS 330.552 provides:

"If the county committees of two counties cannot agree over the disposition of the territory of a joint district in preparing their reorganization plans, an arbitration board shall be established. The arbitration board shall consist of one member appointed by each county committee and a third member appointed by the two other appointees. If the two appointees do not appoint a third member within 30 days after their appointment, the Superintendent of Public Instruction shall appoint the third member of the arbitration board. The decision of the arbitration board is final and shall be

---

[1] The peculiar language of this section is translated in the testimony as, "which particular rural school district shall thereafter exercise jurisdiction over the new administrative district," which "Intermediate School Board was to have jurisdiction of the territory," "the tax receiving district," "the county to which the proposed school district should report."

incorporated into the comprehensive reorganization plans of the counties involved. For the purposes of this section, a 'joint district' is a school district having territory in two or more adjacent counties."

In 1962 the Polk County Board proposed to the Yamhill County Intermediate Education District Board that it join in the organization of an administrative district which would include several school districts wholly in Polk County and, in addition, the Amity Union High School District which is partly in Polk County and partly in Yamhill County. A part of the proposal was that the school district which would exercise the powers contemplated by ORS 330.530 (2) (j), would be in Polk County. The proposal was agreeable to the Yamhill County Board except for the feature just mentioned, and, as the two boards were unable to resolve their differences upon this question, the Polk County Board invoked the arbitration statute above quoted. Arbitrators were duly appointed to determine that question and no other. The parties agree that ORS 330.552 is applicable to such a dispute. The arbitrators met and rendered a purported decision which reads as follows:

"It will be the responsibility of the Yamhill County Rural School Board to prepare a plan of reorganization for the Bethel-Ballston-Hopewell-Amity districts and that part of the Perrydale district that wishes to become a part of the reorganized district in Yamhill County, this plan to include reporting to Yamhill County. The above plan will be submitted to the voters within 120 days of this date for their approval.

"If this plan is voted down the Polk County Rural Board will immediately prepare a plan of reorganization for Bethel-Ballston-Hopewell-Amity districts and that part of the Perrydale district that wishes to become a part of the Amity district, and this

plan will include reporting of such district to Polk County."

The pronouncement of the arbitrators was ignored by the Yamhill County Board and, after expiration of the 120 days, the Polk County Board put its plan for the administrative school district into final form and submitted it, together with a copy of the report of the arbitrators, to the State Board of Education. The State Board, relying upon an opinion of the Attorney General (31 Opinions of the Attorney General 305), declined to act upon the proposed plan and so notified the Polk County Board. This action followed.

■■ We think the State Board was clearly right. Both that body and the arbitration board had duties and powers limited by the law of their creation. The authority of the arbitrators was to decide the question submitted to them. Instead, they abdicated their function by attempting to delegate the making of this decision to the voters, in contravention of the fundamental principle that a delegated power cannot be delegated. This principle is applied to arbitrators: *Twin Lake Co. v. Platt Rogers,* 105 Colo 49, 54, 94 P2d 1090; 5 Am Jur 2d 590, Arbitration and Award § 93, and, generally, to administrative officials when exercising discretionary or quasi judicial functions: 2 Am Jur 2d 52, Administrative Law § 222. See *Gregor et al v. City of Portland,* 126 Or 49, 54, 268 P 743; *Camp Crook Ind. Dist. v. Shevling,* 65 SD 14, 31-32, 270 NW 518; *School Dist. v. Callahan,* 237 Wis 560, 576, 297 NW 407, 135 ALR 1081. Moreover, the arbitrators had no authority to call an election, since providing for elections is the exclusive prerogative of the legislative assembly: *School District v. Gleason,* 178 Or 577, 579-580, 168 P2d 347, and cases there cited.

 The State Board was not required to, and could not, lawfully either approve or disapprove the plan submitted to it by the Polk County Board without first having properly determined that the jurisdictional requirements of the statute had been complied with: *State ex rel v. Fendall,* 135 Or 145, 150, 295 P 191; *State v. Evans,* 82 Or 46, 53, 160 P 140; *State v. Hall,* 73 Or 231, 237, 144 P 475. Here, in the absence of agreement by the two county boards concerned, a valid decision by the arbitration board was a prerequisite to official action upon the plan by the State Board. Lacking such a decision, action by the State Board could not be compelled by mandamus.

In view of this disposition of the substantive question presented, consideration of other objections urged by the defendants is unnecessary.

The judgment is affirmed.