Dear Honorable Lawter,
The Attorney General has received your request for an official opinion asking, in effect:
 1. May a Board of County Commissioners, on its own motion, submit to the voters of the county at any regular or special election a question regarding a subject or subject matter, such as so-called "right to work" legislation, which no current statute specifically authorizes to be put to county-wide popular vote?
 2. Would your answer to the first question be the same if the voters of the county were only asked to approve or disapprove a "non-binding expression of sentiment" as to the same question?
In considering your questions, it must first be noted that Oklahoma Courts have long recognized the principle that "[a] county being an involuntary, subordinate political subdivision of the state, created to aid in the administration of governmental affairs of said state, and possessed of a portion of the sovereignty, has no inherent powers butderives those powers solely from the state." Herndon v. Anderson,25 P.2d 326, 329 (Okla. 1933). (Emphasis added).
The Court has further noted that "a Board of County Commissioners can exercise only such powers as are conferred upon it by the organic or statutory laws of the State, or such as arise by necessary implication from an express grant of power." State v. Board of County Commissionersof Creek County, 107 P.2d 542, 549 (Okla. 1940), and that counties "possess, and can exercise, only those powers granted in express words or necessarily or fairly implied or incidental to the powers expressly granted." Shipp v. Southeastern Oklahoma Industries Authority,498 P.2d 1395 (Okla. 1972). See, also, Development Industries, Inc. v.City of Norman, 412 P.2d 953 (Okla. 1966); and, Johnson v. Conner, etal., 236 P.2d 987 (Okla. 1951).
The Oklahoma legislature has expressly authorized Boards of County Commissioners to hold county elections for certain purposes.
For example, 19 O.S. 381 (1981) provides as follows:
 "They shall submit to the people of the county at any regular or special election any question involving any extraordinary outlay of money by the county or any expenditures greater in amount than can be provided for by the annual tax, or whether the county will construct any courthouse, jail, or other public buildings, or aid or construct any road or bridge, and may aid any enterprise designed for the county, whenever a majority of the people thereof shall authorize the same as hereinafter provided. Provided that, for the purposes of this section the term `public buildings' shall include, but not be limited to, a county rest home, which shall be defined as any home, establishment or institution owned and operated by the county in which there is offered or provided personal care and supervision to persons who are unable to care completely for themselves." (Emphasis added).
And, 19 O.S. 734 (1981) provides, in pertinent part, as follows:
 "Whenever the board of county commissioners of any county considers it to be the best interest of the county to acquire sites, purchase, erect, repair, remodel, equip and furnish a courthouse or jail, . . . bonds shall not be issued until the question shall have first been submitted to the people of the county and three-fifths (3/6) majority of the qualified voters voting at any general election, or special election called by the board of county commissioners for the purpose, shall have declared by their votes in favor of issuing such bonds." (Emphasis added).
A review of Oklahoma Statutes reveals no statement of legislative will granting a board of county commissioners either expressly or by implication, the authority to call a county election for the purposes suggested by questions one and two, above. See, also, Attorney General Opinion No. 84-148.
It should be noted, moreover, that it is a generally accepted principle of election law that an election cannot be held in the absence of legislation clearly authorizing the same. See, e.g., Grant and McNameev. Payne, 107 P.2d 307 (Nev. 1940); School District No. 1 v. Gleason,168 P.2d 347 (Ore. 1946); Stone v. Reynolds, 54 P. 555 (Okla. 1898).
It is, therefore, the official opinion of the Attorney General that aBoard of County Commissioners may not submit to the voters of its countyat any regular or special election a question regarding a subject orsubject matter which no current statute specifically authorizes to be putto county-wide popular vote; nor may said board submit to the voters thequestion of approval or disapproval of a "non-binding expression ofsentiment" on such subject. See, 19 O.S. 339 (1981); 19 O.S. 381 (1981).
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
WILLIAM J. BULLARD, ASSISTANT ATTORNEY GENERAL CHIEF, PUBLIC PROTECTION DIVISION